UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                                                         Chapter 13
Steven J. May and
Dolly J. May,                                                                              Case No. 09-26324-svk
                    Debtors.

**MEMORANDUM DECISION ON TRUSTEE'S OBJECTION TO CONFIRMATION**

This is a Chapter 13 case in which the Trustee objected to confirmation on the basis that the plan does not dedicate all of the Debtors' projected disposable income to unsecured creditors. The controversial deduction is a mortgage payment on a lien that has been "stripped." In light of the Supreme Court's adoption of the forward looking approach to determining projected disposable income in *Hamilton v. Lanning*, 130 S. Ct. 2464 (2010), the Trustee contends that the debtors may not deduct the mortgage payment on the stripped lien to arrive at their projected disposable income.

The facts are straightforward. Steven and Dolly May (the "Debtors") filed a Chapter 13 petition on May 5, 2009. On August 13, 2009, the Debtors filed a Complaint to avoid a wholly-unsecured second mortgage held by Educators Credit Union on their primary residence. The Credit Union did not respond to the Complaint, and in response to the Debtors' Motion for a Default Judgment, on October 30, 2009, the Court entered an "Order declaring the second mortgage of Educators Credit Union void pursuant to Bankruptcy Code § 506(d)." The Order stated that the Credit Union's claim "will be treated as a general pre-petition unsecured non-priority claim throughout this Chapter 13 Bankruptcy case as there is no equity in the real estate to secure said second mortgage note." Further, the Order provided that "upon completion of the plan and granting a discharge, the Credit Union's debt shall be deemed fully paid and satisfied,

and the mortgage lien shall have no legal effect." Despite the Court Order denominating the Credit Union's claim as unsecured, the Debtors deducted the $350 monthly mortgage payment to the Credit Union on the "Future payments on Secured Claims" portion of their Statement of Projected Disposable Income, resulting in monthly disposable income of $215.06. However, the Trustee contends that, due to the avoidance of the lien, the Credit Union's mortgage payment cannot be deducted from disposable income, and when that amount is added back, the Debtors' projected disposable income is $565.06 per month.

The Trustee bases her objection to the Debtors' plan on § 1325(b)(1)(B) of the Bankruptcy Code, which provides in pertinent part:

> If the trustee . . . objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan– . . . (B) the plan provides that all of the debtor's ***projected disposable income*** to be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1)(B) (emphasis supplied). In order to calculate projected disposable income, the analysis starts with the debtor's "current monthly income." *See* 11 U.S.C. § 1325(b)(2). Current monthly income is generally the debtor's average monthly income from the six months prior to the petition. 11 U.S.C. § 101(10A)(A)(i). The debtor's reasonably necessary living expenses, charitable contributions, and business operation expenses are then deducted from the current monthly income to reach the debtor's disposable income. 11 U.S.C. §§ 1325(b)(2)(A), (B). For a debtor with income above the state median, the debtor's reasonably necessary expenses must be determined under Bankruptcy Code § 707(b)(2)(A) and (B). *See* 11 U.S.C. § 1325(b)(3).

2

The Debtors in this case are above-median income debtors, and § 707(b)(2) provides the allowable expense deductions. Specifically, § 707(b)(2)(A)(iii) governs the allowances for secured debts, such as mortgages, and states that:

> The debtor's average monthly payments on account of secured debts shall be calculated as the sum of– (I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition; and (II) any additional payments to secured creditors necessary for the debtor, in filing a plan under chapter 13 of this title, to maintain possession of the debtor's primary residence . . . divided by 60.

The Debtors claim that the $350 mortgage payment is "scheduled as contractually due to a secured creditor," but the Court has entered an Order declaring that the Credit Union's claim will be treated as "unsecured . . . throughout this Chapter 13 Bankruptcy case." Accordingly, the $350 payment is not a payment on a secured claim, and the deduction is not allowable under § 707(b)(2)(A)(iii).

Even assuming that the determination of whether the Credit Union holds a secured claim is made as of the date of the petition, before the lien was stripped and the claim relegated to unsecured status, the Supreme Court's adoption of the forward looking approach to calculating projected disposable income and the Seventh Circuit's declaration that undisputed information about post-petition expenses must be factored into the calculation, combine to defeat the Debtors' argument in this case. In *Lanning*, the Supreme Court faced a Chapter 13 debtor whose current monthly income was artificially high due to a one-time buyout from a former employer. 130 S. Ct. at 2470. As a result, under the "mechanical approach" to calculating projected disposable income, the debtor's projected disposable income was $756 per month. *Id.* However, without the income represented by the buyout, her actual income and expenses left the debtor

3

with only $149 per month to fund a plan.  *Id.*  The Trustee objected to her plan, arguing for application of the "mechanical approach" to the calculation of projected disposable income.  *Id.* at 2471.  The Trustee's position was backed by the Ninth Circuit and many lower courts, including this Court.  *See, e.g., Maney v. Kagenveama (In re Kagenveama)*, 541 F.3d 868 (9th Cir. 2008); *Mancl v. Chatterton (In re Mancl)*, 381 B.R. 537 (W.D. Wis. 2008); *In re Guzman*, 345 B.R. 640 (Bankr. E.D. Wis. 2006).  However, the Supreme Court rejected the mechanical approach, and held:  "Consistent with the text of § 1325 and pre-BAPCPA practice, we hold that when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation."  *Lanning*, 130 S. Ct. at 2478.

In *Lanning*, the debtor's income was artificially inflated, and arguably the Court's reference to expenses was dicta.  However, the Seventh Circuit Court of Appeals in *In re Turner*, 574 F.3d 349, 356 (7th Cir. 2009), addressed the expense side of the equation, and prohibited the use of a "phantom deduction" that reduces the recovery of the unsecured creditors.  In *Turner*, the debtor deducted the $1,521 mortgage payment on a residence that the debtor intended to surrender, under the premise that the payments were scheduled as contractually due on the petition date.  *Id.* at 350.  The Court of Appeals rejected the deduction, stating:

> Since the object of a Chapter 13 bankruptcy is to balance the need of the debtor to cover his living expenses against the interest of the unsecured creditors in recovering as much of what the debtor owes them as possible, we cannot see the merit in throwing out undisputed information, bearing on how much the debtor can afford to pay, that comes to light between the submission and approval of a plan of reorganization.

4

*Id.* at 355. If *Lanning* left the door open to an argument that expenses may still be calculated mechanically under a plain reading of § 1325(b)(3) (the expenses "shall be determined" under § 707(b)(2)), the Seventh Circuit closed the door in *Turner*. The law in the Seventh Circuit is clear that, even if a mortgage payment is scheduled as contractually due on the date of the petition, a Chapter 13 debtor may not deduct the mortgage payment if it is undisputed that the debtor will not be saddled with the mortgage payment post-confirmation.

Under *Lanning* and *Turner,* the Debtors cannot deduct the mortgage payment if it is undisputed or virtually certain that the Debtors will not be making the mortgage payment after confirmation of their plan. In this case, the Debtors have already obtained an Order avoiding the Credit Union's mortgage lien, and it is indisputable that, after confirmation, the Debtors will not be making the mortgage payment to the Credit Union. Accordingly, the mortgage payment is not a proper deduction in calculating their projected disposable income.

Bankruptcy Judge France recently reached the same conclusion in *DeHart v. Smith (In re Smith)*, 2010 Bankr. LEXIS 3501 (Bankr. M.D. Pa. Sept. 28, 2010). *Smith* applied *Lanning* to prohibit the deduction of mortgage payments where the debtors proposed to avoid undersecured mortgage liens, because in these circumstances it is "'virtually certain' . . . that the respective debtors will experience a change in their expenses when their proposed plans are confirmed, and the liens at issue are stripped. None of the debtors anticipate making payments on the debts at issue during the pendency of their respective Chapter 13 cases." *In re Smith*, 2010 Bankr. LEXIS 3501, at *17-18. Like this Court, Judge France had previously strictly construed the language of § 1325(b)(3) and its mandatory application of § 707(b)(2)(A)(iii), and allowed debtors to deduct mortgage payments that were contractually due, even though the debtors intended to surrender the mortgaged property in their Chapter 13 cases. *See In re Dionne,* 402

5

B.R. 883 (Bankr. E.D. Wis. 2009); *In re Mundy,* 363 B.R. 407 (Bankr. M.D. Pa. 2007). In *Smith*, Judge France commented that her *Mundy* decision was effectively overruled by *Lanning*, and this Court acknowledges that after *Lanning* and *Turner*, my analysis in *Dionne* is also overruled and is no longer a correct statement of the law for purposes of future Chapter 13 cases.

In conclusion, in computing their projected disposable income, the Debtors cannot appropriately deduct a mortgage payment that they will not be required to pay post-confirmation. After the Debtors' successful avoidance of the Credit Union's mortgage lien, it is undisputed and virtually certain that they will not be making payments on the Credit Union's mortgage. Therefore, the Debtors' plan cannot be confirmed. A separate Order will be issued sustaining the Trustee's objection to confirmation and giving the Debtors 30 days to propose a plan that dedicates the additional $350 per month to payment of their unsecured creditors.

Dated: November 12, 2010

By the Court:

Susan V. Kelley
U.S. Bankruptcy Judge